UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Broussard                                                      Civil Action No. 15-02856

versus                                                            Judge Rebecca F. Doherty

Nalco Co                                              Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the Court is an unopposed[1] Motion To Dismiss Plaintiff's Complaint And Enforce The Parties' Agreement To Arbitrate Their Disputes filed by the defendant, Nalco Company, an Ecolab Company ("Ecolab"), [Rec. Doc. 8]. For the reasons that follow, it is recommended that the motion be granted.

*Background*

Plaintiff, Anthony A. Broussard, a former employee of Ecolab, claims that during his employment, he was subjected to a racially offensive hostile working environment and that on October 17, 2015, he was terminated due to his race. On December 21, 2015, Plaintiff filed this action against Ecolab pursuant to 42 U.S.C. § 2000-e ("Title VII"). During his employment with Ecolab, Plaintiff signed an Arbitration Agreement in which he agreed to arbitrate any and all claims related to his

---

[1] Pursuant to Local Rule L.R. 7.5, the deadline for filing any opposition to the motion was February 22, 2016. *LR. 7.5*. On March 7, 2016, the Plaintiff filed a "Non-opposition" to the motion. *R. 12*.

employment or the cessation of his employment with Community Options. The Arbitration Agreement states:

> The Ecolab Mediation and Arbitration Agreement ("Agreement") is designed to provide an easy-to-use method for the economical and prompt resolution of Disputes (as defined below) between the Company and the Company's present and former Associates. Resolution of Disputes through the Agreement is typically less expensive and quicker than traditional litigation. The Agreement is intended to create a procedural mechanism for the final resolution of all Disputes falling within its terms. *Neither the Company nor it present and former Associates may commence an action in court concerning Dispute falling within its terms.* The Agreement should be interpreted in accordance with these purposes.

*R. 8-2.* (Emphasis supplied)

Ecolab brings this motion pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq* ("FAA"), and Louisiana's Binding Arbitration Law, LSA-R.S. 9:4201, *et seq*, to dismiss Plaintiff's Complaint and to compel him to submit all of his claims to arbitration. Plaintiff does not oppose Ecolab's motion.

### *Law*

Section 2 of the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., provides:

> A written provision in...a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract.

9 U.S.C. § 2.

Section 2 of the FAA states that "the primary substantive provision of the Act" reflects "a liberal federal policy favoring arbitration agreements" and effectively creates "a body of federal substantive law of arbitrability." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The Fifth Circuit has observed that "[i]n enacting the Federal Arbitration Act, Congress declared a national policy in favor of arbitration. [C]ongress' clear intent, in the Arbitration Act, [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1263 (5th Cir. 1994) (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 22).

Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under the agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

"The FAA requires district courts to 'compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made.' " *Harris v. JCPenney Co., Inc.*, No. 07-9675, 2008 WL 90038, at *1 (E.D. La. Jan. 8, 2008) (quoting *Sedco, Inc. v.*

*Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985)). When deciding motions to compel arbitration, courts conduct a two-step inquiry. *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 254 (5th Cir. 2012). The Court first inquires whether the parties agreed to arbitrate the dispute at issue. *Id*. This inquiry consists of two subsidiary questions: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir. 1996).

To determine whether the parties formed a valid agreement to arbitrate, the Court applies ordinary principles of state contract law. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537-38 (5th Cir. 2003). If the Court finds that there is a valid agreement to arbitrate between the parties and that the dispute in question falls within the scope of the arbitration agreement, the Court inquires whether any federal statute or policy renders the claims nonarbitrable. *Wash. Mut. Fin. Grp. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).

Under section 3 of the FAA, a district court must stay a lawsuit when a party demonstrates that any issue involved in the lawsuit is "referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This provision is mandatory and demands a stay of legal proceedings "whenever the issues in a case are within the

reach of an arbitration agreement." *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993).

### *Discussion*

The record provides that the parties confected a valid agreement to arbitrate under Louisiana law. The parties mutually agreed to be bound by Ecolab's Mediation and Arbitration Agreement. Broussard and Laurie M. Marsh, an Ecolab representative, each signed and dated the Agreement. Plaintiff also acknowledged "by accepting employment with and/or continuing in your employment with Ecolab and for other consideration set forth in the Agreement, you are agreeing to be bound to the Agreement and its terms."[2] *R. 8-2*.

The dispute in question, Plaintiff's discrimination action pursuant to Title VII, falls within the scope of the arbitration agreement. Section 2, E, of the Arbitration Agreement, Definitions, defines "Dispute" as "any and all claims or controversies alleging violations of federal, state, local or common law between an Associate and the Company arising out of or in any way related to ... employment or cessation of employment with the Company, including ... demands or actions under Title VII of the Civil Rights Act of 1964...." *R. 8-2*.

A review of Plaintiff's Complaint verifies that the discrimination claim under

---

[2] As the Plaintiff is compelled to arbitrate its claims against Ecolab under the FAA, it will not address Ecolab's alternative argument under LSA-R.S. 9:4201, *et seq*.

"Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*" is the only cause of action asserted by Plaintiff in this action. *R. 1*. While Section 3 of the FAA directs the court to stay any arbitrable claim, the Fifth Circuit has recognized that a district court may dismiss a case with prejudice when all claims are subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) As the *Alford* court explained:

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Id.*, see also *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674 (5th Cir.1999).

As Plaintiff must be compelled to arbitrate the only cause of action asserted in his Complaint, "retaining jurisdiction and staying the action will serve no purpose." *Id*. Accordingly, the undersigned will recommend that Plaintiff's action be dismissed with prejudice.

### *Conclusion*

For the foregoing reasons, it is recommended that the unopposed Motion To Dismiss Plaintiff's Complaint And Enforce The Parties' Agreement To Arbitrate Their

Disputes filed by Ecolab [Rec. Doc. 8] be *GRANTED* and Plaintiff's action be *DISMISSED WITH PREJUDICE.*

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT
DATE: 3/10/2016
BY: lw
TO: RFD, cg